LYONS & FLOOD, LLP
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Defendants
ATLANT PANAMAX CORP. and
ATLANTSKA PLOVIDBA DD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
COUTINHO & FERROSTAAL, INC.,
formerly known as MAN FERROSTAAL, INC.;
FERROSTAAL METALS GROUP, INC.,

                                  Plaintiff,                         **ECF CASE**

           - against -                                  08 Civ. 4820 (RMB) (FM)

M/V GETALDIC, her engines, boilers, tackle, etc.,
ATLANT PANAMAX CORP., ATLANTSKA
PLOVIDBA DD, DAEWOO LOGISTICS CORP.,

                                  Defendants.
------------------------------------------------------------------X

## ANSWER TO AMENDED VERIFIED COMPLAINT WITH CROSS-CLAIM

Defendants ATLANT PANAMAX CORP. ("ATLANT") and ATLANTSKA PLOVIDBA DD ("ATLANTSKA") (herein collectively called "Answering Defendants"), by their attorneys, Lyons & Flood, LLP, as and for their Answer to the Amended Verified Complaint, allege upon information and belief as follows:

    1.     Admit that this is an admiralty and maritime claim with respect to the carriage of goods by water, but except as so specifically admitted herein, deny the remaining allegations of paragraph 1 of the Amended Verified Complaint.

    2.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 2, 6, and 9 of the Amended Verified Complaint.

    3.     Admit that defendant ATLANT was the owner of the M/V GETALDIC and that

defendant ATLANTSKA was the manager of the M/V GETALDIC, but except as so specifically admitted herein, deny the remaining allegations of paragraph 3 of the Amended Verified Complaint.

4. Denies the allegations contained in paragraphs 4, 5, and 8 of plaintiff's Amended Verified Complaint.

5. Paragraph 7 of plaintiff's Amended Verified Complaint calls for neither admission nor denial.

## FIRST AFFIRMATIVE DEFENSE

6. The Amended Verified Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

7. Plaintiffs are not the real parties in interest and are not entitled to maintain this action in violation of Rule 17 of the Federal Rules of Civil Procedure.

## THIRD AFFIRMATIVE DEFENSE

8. The shipments described in plaintiffs' Amended Verified Complaint are subject to all the terms, conditions, and exceptions contained in certain bills of lading then and there issued therefore by which plaintiffs, shippers, cargo owners, consignees, and holders of said bill of lading agreed to be and are bound. Any mis-delivery, non-delivery, non-conformance, shortage, loss or damage to the shipments, which defendants expressly deny, was due to causes for which defendants are not liable or responsible by virtue of the provisions of the U.S. Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. 1300 *et seq.* approved April 16, 1936, the Harter Act, the provisions of the bill of lading, and/or the General Maritime Law and/or applicable foreign law and/or charter party and/or fixture agreement and/or the Hague Rules or the Hague-Visby Rules.

## FOURTH AFFIRMATIVE DEFENSE

9. Due diligence was exercised to make the Vessel and her appurtenances seaworthy and to make all other parts of the vessel in which goods are carried, fit and safe for their reception, carriage, and preservation.

## FIFTH AFFIRMATIVE DEFENSE

10. If the shipments were damaged, which defendants expressly deny, the damage was caused by or due to insufficiency of packaging or inadequacy of marks of the goods for which the defendants are not liable pursuant to §§ 1304(2)(n) and (o) of COGSA and by the terms of the contracts of carriage.

## SIXTH AFFIRMATIVE DEFENSE

11. Any damage to the shipments, which is expressly denied, was caused by, due to, or contributed to by inherent defect, quality or vice of the goods for which defendants are not liable pursuant to § 1304(2)(m) of COGSA and by the terms of the contracts of carriage.

## SEVENTH AFFIRMATIVE DEFENSE

12. Plaintiffs have failed to mitigate reasonably its alleged damages.

## EIGHTH AFFIRMATIVE DEFENSE

13. Any damage to the goods, which is expressly denied, was caused by, due to or contributed to by an act or omission of the shipper or its agents or servants or owner of the goods for which defendants are not liable pursuant to § 1304(2)(i) of COGSA and by the terms of the contracts of carriage.

## NINTH AFFIRMATIVE DEFENSE

14. The maximum liability of defendants, if any, is $500 per package or per customary freight unit for goods not shipped in packages as agreed in the provisions of the bills

of lading and pursuant to the provisions of COGSA, specifically § 1304(5).

### TENTH AFFIRMATIVE DEFENSE

15. If the shipments were damaged, which is expressly denied, said damage was caused in whole or in part by the contributory negligence of the plaintiffs and/or their agents or servants, including but not limited to, the stevedores at the load port and discharge port.

### ELEVENTH AFFIRMATIVE DEFENSE

16. If plaintiffs' cargo sustained any loss or damage, which defendants expressly deny, then such loss or damage resulted from a cause arising without the actual fault and privity of the defendants and without the fault or neglect of the agents or servants of the defendants, and the defendants are not liable pursuant to § 1304(2)(g) of COGSA.

### TWELFTH AFFIRMATIVE DEFENSE

17. If plaintiffs' cargo sustained any loss or damage, which defendants expressly deny, said loss or damage was caused by a peril, danger, or accident of the sea or other navigable waters for which the defendants are not liable pursuant to § 1304(2)(c) of COGSA and the terms of the contracts of carriage

### THIRTEENTH AFFIRMATIVE DEFENSE

18. The goods which are the subject of this action are presumed to be in the same condition when delivered to the receiver/consignee as when received by the carrier because plaintiffs did not give timely written notice of damage under the provisions of the contracts of carriage and as required by § 1303(6) of COGSA.

### FOURTEENTH AFFIRMATIVE DEFENSE

19. If the goods were lost or damaged, which is expressly denied, the loss or damage was caused by the act, neglect, or default of the master, mariner, pilot, or servants of the carrier

in the navigation or in the management of the ship, and the defendants are not liable pursuant to § 1304(2)(a) of COGSA and the terms of the contracts of carriage.

### FIFTEENTH AFFIRMATIVE DEFENSE

20. Plaintiffs have failed to add an indispensable party pursuant to Rule 19 of the Federal Rules of Civil Procedure and, therefore, the action should be dismissed.

### SIXTEENTH AFFIRMATIVE DEFENSE

21. The Court lacks *in rem* jurisdiction over the M/V GETALDIC.

### SEVENTEENTH AFFIRMATIVE DEFENSE

22. The Court lacks *in personam* jurisdiction over Answering Defendants.

### EIGHTEENTH AFFIRMATIVE DEFENSE

23. Service of process upon defendant ATLANT was improper.

### AS AND FOR CROSS-CLAIM AGAINST DEFENDANT DAEWOO LOGISTICS CORP.

24. Answering Defendants repeat and reallege paragraphs 1 through 22 of the Answer to plaintiffs' Amended Verified Complaint with the same force and effect as if repeated and set forth at length herein.

25. This cross-claim is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

26. If there were any loss or damage to the shipments referred to in plaintiffs' Amended Verified Complaint, which is denied, and said loss or damage caused any liability to Answering Defendants, then said liability was caused in whole or in part by defendant DAEWOO LOGISTICS CORP.'s ("DAEWOO") negligence, breach of contract and/or breach of warranties, implied or express, and by reason thereof, Answering Defendants are entitled to full

indemnity and/or contribution from DAEWOO for their loss and damage, including attorneys' fees and expenses.

WHEREFORE, Answering Defendants pray:

a.  that judgment be entered in favor of Answering Defendants and against plaintiffs, dismissing the Amended Verified Complaint herein together with costs and disbursements of this action;

b.  that if for any reason Answering Defendants are found liable to plaintiffs, then judgment be entered in favor of Answering Defendants and against DAEWOO on the Cross-Claim herein; and

c.  that judgment be entered in favor of Answering Defendants herein for such other and further relief as the Court deems just and proper.

Dated: July 21, 2008

                LYONS & FLOOD, LLP
                Attorneys for Defendants
                ATLANT PANAMAX CORP.
                and ATLANTSKA PLOVIDBA DD

By: _____
      Kirk M. Lyons (KL-1568)
      65 West 36th Street, 7th Floor
      New York, New York 10018
      (212) 594-2400

U:\kmhldocs\2563042\Legal\Answer.doc

## CERTIFICATE OF SERVICE

Kirk M. Lyons, an attorney duly admitted to practice before this Honorable Court, affirms on this 21st day of July 2008, I served true copies of the foregoing, by U.S. Mail, first-class postage pre-paid, to:

> KINGSLEY KINGSLEY & CALKINS
> Attorneys for Plaintiffs
> COUTINHO & FERROSTAAL, INC.
> 91 West Cherry Street
> Hicksville, NY 11801
>
> Attn:   Harold M. Kingsley, Esq.

_____
Kirk M. Lyons

U:\kmhldocs\2563042\Legal\Answer.doc